# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Specialized Technological Threading, Inc. doing business as Spec-Tech, Inc, | ) ) ) | **ORDER** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Murex Petroleum Corporation, | ) ) | Case No. 1:24-cv-024 |
| Defendant. | ) ) | |

On February 21, 2025, the Parties filed a "Joint Motion to Bifurcate and to Stay Damages-Only Discovery." (Doc. Nos. 47, 48). They aver that bifurcating the issues of liability and damages and staying discovery on the issue of damages would substantially narrow the scope of discovery, simplify the action for the Court and jury, and result in a more judicially efficient and economic process.

Under Rule 42(b) of the Federal Rules of Civil Procedure, the court may order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b); see also Ameritas Life Ins. Corp. v. Fed. Ins. Co., No. 4:16CV3006, 2017 WL 432693, at *2 (D. Neb. Jan. 31, 2017) (discussing other factors that the court may consider). The court has broad discretion when evaluating whether certain issues should be tried separately. See Farmers Coop. Co. V. Senske & Son Transfer Co., 572 F.3d 492, 499 (8th Cir. 2009) (citing Beeck v. Aquasline 'N' Dive Corp., 562 F.2d 537, 541 (8th Cir. 1997)). "When determining whether bifurcation is appropriate, 'district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and the possibilities for confusion.'" Id. (quoting O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-02 (8th Cir.

1

1990)).

Federal Rule of Civil Procedure 26(c)(1)(D) authorizes the Court, for good cause, to "limit [ ] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). Discovery is designed to be broad, and liberally construed to provide parties with essential information relevant to issues, or potential issues, in the case. Fed. R. Civ. P. 26(b)(1). Daniels v. City of Sioux City, 294 F.R.D. 509, 512 (N.D. Iowa 2013) (citations omitted). A district court's power to stay proceedings is inherent in its ability to manage its own docket, but a stay of a civil matter is an "extraordinary remedy." Infodeli, LLC v. W. Robidoux, Inc., 15-CV-00364-BCW, 2016 WL 6920524, at *2 (W.D. Mo. Feb. 22, 2016) (citation omitted). The party seeking a discovery stay bears the burden to establish good cause for the requested stay. Id.

The Court has carefully considered the record, the matters at issue, and the parties' motion. The Court finds that a separate trial on liability and damages will be conducive to judicial economy and will avoid prejudice. Separating the liability and damage phases of the trial will aid in simplifying the issues and evidence presented to the jury, and will assist the Court in setting appropriate parameters for a potential trial on damages. The issues of liability and damages require the discovery of different types of evidence. Final disposition of the issue of liability could preclude or appreciably narrow complicated, expensive, and time-consuming discovery regarding 20 years of the Parties' accounting and financial records.

Accordingly, the Court **GRANTS** the Parties' Joint Motion to Bifurcate and to Stay Damages-Only Discovery. (Doc. Nos. 47, 48). Separate trials shall be held in this matter, first on the issue of liability, and then on the issue damages, if necessary, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Five (5) days have been set aside for the jury trial on the issue

liability.  Discovery on the issue of damages shall be stayed pending further order.  The trial on the issue of liability is presently scheduled for March 23, 2026, at 9:30 AM in Bismarck Courtroom 1.

    **IT IS SO ORDERED.**

Dated this 25th day of February, 2025.

                                         */s/ Clare R. Hochhalter*
                                         Clare R. Hochhalter, Magistrate Judge
                                         United States District Court