**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Specialized Technological Threading, Inc. dba Spec-Tech, Inc., | ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Murex Petroleum Corporation, | ) ) | Case No. 1:24-cv-024 |
| Defendant. | ) | |

On June 20, 2025, Plaintiff filed a "Motion for Leave to File Plaintiff's Memorandum in Support of Motion to Amend Complaint Under Seal" (Doc. No. 52). Plaintiff also filed a Motion to Amend Complaint along with supporting memorandum with redactions pending the court's ruling on its motion for leave to file under seal.

Plaintiff seeks leave to file the following under seal: portions of the Memorandum in Support of the Motion for Leave to Amend Complaint, the Proposed Amended Complaint, and twenty-seven exhibits that reference or describe documents and information designated confidential or attorney's eyes only by Defendant pursuant to the Amended Stipulated Protective Order entered on January 24, 2025. The Protective Order is primarily aimed at preventing undue public disclosure of information designated "CONFIDENTIAL," i.e., "information that the designating party has, in good faith, determined is private, confidential, or otherwise not available to the public." (Doc. No. 41).

In evaluating a motion to file under seal, the Eighth Circuit has said:

There is a common-law right of access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). The Court in Nixon explained that "the courts of this country recognize a general right

1

to inspect and copy public records and documents, including judicial records and documents," but that "the right to inspect and copy judicial records is not absolute." Id. at 597–98, 98 S.Ct. 1306 (footnotes omitted). This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 161 (3d Cir.1993), and "to keep a watchful eye on the workings of public agencies." Nixon, 435 U.S. at 598, 98 S.Ct. 1306. It also provides a measure of accountability to the public at large, which pays for the courts. See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.1999).

IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." Id. at 1223. Whether to allow filing under seal is a matter of this court's discretion. Id.

The court is loathe to allow the wholesale filing of motions and supporting documents under seal as it makes the litigation more difficult for everyone, including the court. Further, there is the right of public access. With that in mind, the court did briefly review the documents that Plaintiffs seek to file under seal as a result of designations of confidentiality made by Defendant. The documents, by in large, concern discussions coordinating a public relations campaign. The documents do not appear to contain social security numbers, bank account information, trade secrets, or other sensitive information of the like traditionally warranting leave to file under seal.

The court is concerned about overuse of the confidential designation in this case based simply on one or both of the parties preferring not to litigate certain matters in public but for which there is not good reason for sealing. Consequently, the court will allow both sides the opportunity to show cause why the documents that will be sealed now should not be unsealed. If no showing is made, the court will order the clerk to unseal them.

2

Based on the foregoing, the court **GRANTS** Plaintiffs' motion to file under seal (Doc. No. 54). Plaintiff has filed a version of the memorandum that is narrowly redacted to exclude only the information claimed to be confidential without seal. It may file an unredacted version under seal. Plaintiff may file the proposed Amended Complaint and supporting documents under seal. However, it is further **ORDERED** that both parties shall have seven (7) days after the filing of the documents under seal to show cause why the documents should not be unsealed. Failure to show cause will likely result in the documents being unsealed.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2025.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court

3